IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**E. CALHOON**

    Plaintiff,

v.

**JOHN COCHRAN**

    Defendant.

Civ. No. 6:23-cv-00841-AA

**OPINION AND ORDER**

_____

AIKEN, District Judge:

    Plaintiff filed this case on June 9, 2023. ECF No. 1. Plaintiff filed proof of service by affidavit that Defendant was served on September 2, 2023. Defendant failed to appear in the case. For over a year, the case sat on the Court's docket. On July 5, 2024, the Court ordered Plaintiff to show cause why the case should not be dismissed for want of prosecution. Plaintiff responded to the Court's order on July 17, 2024, and filed a motion for entry of default against Defendant. ECF No. 9. Under the

Page 1 – OPINION AND ORDER

Federal Rules of Civil Procedure, the Court ordered the clerk to enter Defendant's default. Fed. R. Civ. P. 55(a). ECF No. 10. No further action was taken in the case.

Given a self-represented party's unfamiliarity with Court procedures, the Court issued an Opinion and Order on June 12, 2025, directing Plaintiff to file a Motion for Default Judgement and seek dismissal of the case. ECF No. 11. The Court stated:

> Plaintiff is ordered to file a Motion for Default Judgment in thirty (30) days from the date of this order. Rule 55(b)(1)-(2) explains that Plaintiff must "request" the clerk or "apply to the court" for default judgment. Plaintiff must submit an affidavit showing any amount due from Defendant and declaring whether Defendant is "incompetent" or a "minor." If the Motion for Judgment satisfies the Court, the Court will enter Judgment against Defendant and dismiss this case.

*Id*. On July 14, 2025, Plaintiff requested an extension of time until August 4, 2025, to file his motion for Default Judgment and accompanying affidavit. ECF No. 12. The Court granted it, but stated, "No further extensions of time will be granted without a substantial showing of good cause." ECF No. 13 (minute order). August 5th, 2025, Plaintiff has not filed a motion or affidavit or otherwise communicated with the Court.

The Court has broad discretion to manage its docket and inherent power sua sponte to dismiss a case for lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court has provided substantial leeway and advance notice to Plaintiff that he must diligently pursue his case or face dismissal. As seen above, after taking no action for a year, the Court ordered Plaintiff to show cause why the case should not be dismissed; the Court provided extra time to file motions; and the

Court warned Plaintiff that no further extensions of time would be granted. Plaintiff has not complied with the Court's order to file his motion for entry of default judgment and corresponding affidavit, despite the Court's use of measures alternative to dismissal. In similar circumstances, the appellate courts have affirmed dismissal. *Henderson*, 779 F.2d at 1424 ("We are satisfied that the court explored and used alternative measures before it used the final measure of dismissal."). Accordingly, the Court finds that dismissal for failure to prosecute is warranted. Fed. R. Civ. P. 41(b) (Authorizing dismissal "if the plaintiff fails to prosecute or to comply with . . . a court order."). The case is DISMISSED. Judgment of Dismissal shall be entered accordingly.

It is so ORDERED

Dated this 6th day of August 2025.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 3 – OPINION AND ORDER