IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

E. CALHOON,

Plaintiff,

v.

JOHN COCHRAN; DOES 1–10,

Defendants.

Civ. No. 6:23-cv-00841-AA

**OPINION & ORDER**

AIKEN, District Judge:

Before the Court is Plaintiff E. Calhoon's Motion to Set Aside the Court's prior Order and Judgment of Dismissal. ECF No. 16. For the reasons that follow, the Motion, ECF No. 16, is DENIED.

**BACKGROUND**

On June 9, 2023, Plaintiff, who purports to be an attorney representing himself, filed a complaint against Defendant John Cochran and Does 1–10. On September 25, 2023, Plaintiff filed proof of service by affidavit that Defendant had been served on September 2, 2023. ECF No. 7. Defendant failed to appear. On July 5, 2024, more than a year after the suit commenced, Plaintiff was ordered to show cause why the case should not be dismissed for want of prosecution. ECF No. 8. On July 17, 2024, Plaintiff moved for entry of default of Defendant John Cochran "for failure to plead or otherwise defend against this action in a timely manner." ECF No.

9 at 1. Defendant failed to respond. On February 21, 2025, under Federal Rule of Civil Procedure 55(a), the Court granted Plaintiff's motion and ordered the Clerk of Court to enter Default against Defendant. Fed. R. Civ. P. 55(a). ECF No. 10. Plaintiff took no further action, and Defendant still failed to appear. So, on June 12, 2025, the Court directed Plaintiff to file a Motion for Default Judgment within thirty days. ECF No. 11 at 2. On July 14, the date the filing period ended, Plaintiff filed a motion to extend the filing date for three more weeks. ECF No. 12. The Court granted the motion and directed Plaintiff to file a Motion for Default Judgment by August 4, 2025. ECF No. 13. The Court also warned Plaintiff that no further extensions would be granted. Plaintiff failed to file the Motion in the allotted time. On August 6, 2025, the Court ordered that the case be dismissed and entered judgment of dismissal. ECF Nos. 14, 15.

It has been exactly a year since the Court ordered the case dismissed. Plaintiff now files a motion to set aside the Order and Judgment of Dismissal.

## LEGAL STANDARD

A court may set aside a final order or judgment under Federal Rule of Civil Procedure 60. *See* Fed. R. Civ. P. 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6).

**DISCUSSION**

Plaintiff seeks to set aside the Court's Order and Judgment of Dismissal for reason of "excusable neglect." Mot. at 2. Plaintiff filed a 239-page document to support his motion. Though Plaintiff brings the case as a *pro se* litigant, Plaintiff purports to be an attorney licensed in California. ECF No. 16 at 49–50. Plaintiff contends that he missed the deadline because of "an unforeseen family emergency" that occurred three days before the filing deadline and that continued over the next several days. Pl. Mot. at 2. Plaintiff also contends that the delay was explained by his age of 62, by his "declining health after nearly dying from COVID-19 and being injured in a head-on automobile collision[] and operating without sleep[.]" *Id.* at 3. Plaintiff contends that the delay is further explained by the fact that "[he] was for extended periods unable to access the court's electronic filing system because of a newly imposed third-party identity-verification requirement—access he first regained in January 2026 after days of effort, then lost when the phone bearing his verification credential broke[] and completed anew only recently." *Id.* at 4; Pl. Decl. ¶ 11, ECF No. 16.

The document attached to Plaintiff's motion contains a number of filings that Plaintiff submitted to the California Supreme Court during the past year. The filings involve a dependency hearing that appears to be connected with Plaintiff's family emergency. *See* Pl. Decl. ¶¶ 6–8.

A motion under Rule 60 must be made "within a reasonable time," but "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). Here,

Plaintiff waited a year to the day to file the Motion to Set Aside. Plaintiff purports to be an attorney. He states that "an unforeseen family emergency" exhausted him for several days during the time at which the filing deadline came and went. Plaintiff could have filed the Motion to Set Aside at any time after the emergency passed. Plaintiff also states he is 62 and has "declining health" and "nearly d[ied]" due to the COVID-19 crisis. Again, Plaintiff had a year to file. The delay cannot be explained by age and declining health. And the COVID crisis ebbed years ago. Further, the filed attachments show that Plaintiff was very busy filing documents in the California Supreme Court. Finally, Plaintiff argues that he had various technological snafus that prevented him from filing earlier. Again, Plaintiff managed to file documents in the state court.

Whether neglect is excusable is an equitable determination and whether to grant a motion to set aside a court's final order or judgment depends on at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, Plaintiff's neglect is not excusable. First, the danger of prejudice to Defendant of setting aside the dismissal is great. Defendant would have to return to court to represent their interests in a case that was closed a year ago. Second, the length of the delay is unreasonable because Plaintiff had a year to file but waited

until the very last moment. Third, the reasons offered for the one-year delay are not sufficient to explain why the motion could not have been filed at any point during the past year. Fourth, that the movant acted in good faith is not supported by his laundry list of excuses, his failure to prosecute for a year, and the delays and deficiencies at every step of this case. Plaintiff purports to be an attorney, so he is well aware that the neglect is not excusable and the delay is not reasonable.

**CONCLUSION**

For the above reasons, the Court DENIES Plaintiff's Motion to Set Aside the Order and Judgment of Dismissal, ECF No. 16.

It is so ORDERED and DATED this 17th day of August 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge